Ghief Justice Roberston,
delivered the Opinion of the Court.
John Bradley filed a bill in chancery against the willow and unknown heirs of Hanson Catlet, deceased, and against John Spinks, executor of James Spinks, dec’d. for a specific execution of a covenant for the conveyance, of some town lots, executed by Catlet to James Spinks, and assigned to the complainant by John Spinks in pursuance to an authority in the will of James Spinks.
Upon a certificate of publication, (by an editor,) against all the persons prayed to be made defendants, the circuit court decreed that all of them should convey to Bradley with general warranty of title by Spinks and Catlet’s heirs.
At the term next succeeding that at which the decree had been rendered the circui* court, on the motion of counsel for Catlet’s heirs and on the affidavit of Chittenden Lyon, stating their several names and alleging that they were all nonresidents and that all of them, except a female married to one Hepburn, were infants, the decree was opened, and the answer of the infant heirs of Catlet was filed by C. Lvon, their guardian ad litem: — to all which Bradley excepted.
The answer required proof of the payment of the conside ation, and none having been furnished, *122 the bill was dismissed absolutely on hearing at. the term succeeding that at which the answer had been filed.
When joint hasdecree^h"”4 been rendered against absent defend-the dec°re°ePon the answers of part of the being'filed is error. *'
To reverse this last decree this writ of error is prosecuted.
However unjust or erroneous the first decree may have been it was irregularly opened. As the interest of the widow and heirs of Catlet was derived (jjg same time and from the same source the decree against them is joint, and should not be reversed or enquired into by any direct proceeding, unless all who are thus jointly concerned and were nonresidents be made parties to the new proceeding, [See Dunlop’s heirs vs. McIlvey, et al, 3d Lit. Reports, 272.] Wherefore, as neither Mrs. Catlet nor Mrs. Hepburn nor her husband answered the bill, the first decree was improvidently opened. If each individual who may be affected by a joint decree should be permitted, for himself alone, by a separate proceeding, to open the decree, or if any one should be allowed to open it as to all, confusion and injustice could not be avoided. The decree should not have been set aside in this case without the answers of Mrs. Catlet and Hepburn and wife. Bradley had a right to the benefit of their answers.
Spinks was improperly made a party in the first instance — and as he held no interest whatever in the lots, and is not therefore affected by the decree against the other parties to it, we suppose he was not an indispensable party to the proceeding for opening it so far as they are concerned. He might refuse to unite with them, and, as he and they are not associated in interest or in any other way, by their own act or by the operation of law, neither should be made to suffer loss or inconvenience in consequence of the act or omission of the other— for opening the decree he may be considered one party, and they may be deemed a distinct party.
But the counsel for the defendants has argued that the first decree is erroneous; and that, therefore, the plaintiff has not been injured by the opening of it, and should not now be suffered to take advantage of any irregularity in opening it. We think differently. Were it conceded that the ori *123 ginal decree was even void the plaintiff may complain that the circuit court erroneously set it aside. The last decree bars his asserted equity. The first, if it had been void, or had been merely avoided, would have left him free to prosecute his claim in a new suit and proper maimer.. Perhaps he may have a perfect equity — perhaps he may be able to establish it — and perhaps he failed to do so in this case only because he deemed the proceeding (as it was) irregular and therefore resolved to be passive.
Crittenden, for plaintiff; Monroe, for defendants.
Wherefore the last decree is reversed, and all orders made since the date of the original decree are set aside.